### JOSEPH R. COOK, JUNIOR, *v.* JOTHAM CLARK.

Where a note, valid in its inception, and taken by the payee for full value, is endorsed by him, and is subsequently endorsed by a third person for the accommodation of the payee—the holder—without any consideration, and is then sold to the plaintiff at a discount greater than the legal rate, the plaintiff—the purchaser—can only recover from such accommodation endorser the amount paid by the plaintiff therefor, with interest thereon and fees of protest.

In an action against the maker, in such case, the purchaser may recover the full amount of the note.

THE action was brought by an endorsee against an endorser of a promissory note. It appeared that the note was made by one St. John, and was by him given to the payee, one Robinson, in the regular course of business; that Robinson endorsed it, and employed a broker to have it discounted; that it was then endorsed by the defendant (Clark) for the accommodation of the payee (Robinson), and without any consideration; that thereupon, before its maturity, the broker sold the note to the plaintiff, who paid for it $65 or $70 in cash, and a note for $150, made by certain persons doing business under the firm name of Logan, Vail & Co. The note of Logan, Vail & Co., was sold for $140, and the pro-

ceeds, with the $65 or $70 above mentioned, were paid by the broker to Robinson.

On the trial, the defendant insisted that the plaintiff was entitled to recover only the amount paid by him for the note in suit, which amount the defendant's counsel estimated upon the testimony as about $205, calling the cash paid $65, and the note of Logan, Vail & Co. $140.

The Marine Court gave judgment for the face of the note, ($250,) with interest and costs. The defendant appealed.

*Charles N. Black*, for the defendant, cited Chitty on Bills, 10th Am. ed. 79; 13 Johns. Rep. 52; 15 id. 44, and cases there cited.

*Frederick W. Geissenhainer, Junior*, cited *Phillis* v. *Pluckwell*, 2 M. & S. 395; *Ridout* v. *Bristow*, 1 Tyr. R. 84; *Grichard* v. *Roberts*, 1 Bl. Rep. 445; *Bank of Tracy* v. *Hopping*, 13 Wend. 557; *Safford* v. *Wyckoff*, 4 Hill, 442; *Powell* v. *Waters*, 17 Johns. 176; *Rice* v. *Mather*, 3 Wend. 62; *Beach* v. *Fulton Bank*, 3 Wend. 573; *Rositer* v. *Rositer*, 8 Wend. 494; *Brown* v. *Mott*, 8 Johns. 361; *Johnson* v. *Titus*, 2 Hill, 606.

By THE COURT. WOODRUFF, J.—It is settled as the law of this state, that where, on the endorsement of a note, the consideration passing between the endorsee and his endorser, is not equal to the amount of the note, the endorsee, in an action against the endorser, can only recover the consideration he has actually paid, with interest. (*Brennan* v. *Hess*, 13 J. R. 52.) And when such endorser is a mere accommodation endorser, and no intermediate party has paid any thing for the note, then such payment of a part of the amount of the note by the purchaser, to the party at whose request such accommodation endorsement was made, will avail the purchaser to no greater extent than if he had paid such partial consideration to the endorser directly.

Such were in substance the facts in *Munn* v. *The President*,

*&c., of the Commission Company,* 15 J. R. 44; and it is there said, that the holder of a note purchased at a discount greater than the legal rate of discount, (although the note is valid to the full amount against prior parties,) can only recover against his endorser the sum he actually advanced.

This doctrine is fully discussed and recognized by the Court of Errors, in *Cram* v. *Hendricks,* 7 Wend. 569. I do not think the question open for discussion here.

The judgment must be reduced to $220, the amount paid, and interest from September 21, 1854, (the date of the note, it not appearing that the sale was at a later day,) and 75 cents for the fees of protest, and the judgment should be affirmed for that sum and costs, without costs to either party on the appeal.

Had the action been against a prior party, who made or endorsed the note for value, the plaintiff would undoubtedly be entitled to recover the full amount of the note.

Judgment reduced to the amount paid, with interest and fees of protest, and affirmed to that extent, without costs of appeal to either party.